IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO M. CROCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. SCOTT SATTERLEE,<br>CPT. BRANDON ROBERTSON, and<br>CPT. COREY TONEY,<br><br>    Defendants. | Case No. 3:13-mc-0068<br><br>Judge Sharp |

## ORDER

Plaintiff Antonio M. Crockett, an inmate or pretrial detainee presently held at the Davidson County Sheriff's Office – Criminal Justice Center in Nashville, Tennessee, seeks to file in this Court a *pro se* complaint asserting claims under 42 U.S.C. § 1983. With his complaint, however, the plaintiff did not submit either the requisite $350.00 filing fee (plus $50.00 administrative fee) or an application to proceed *in forma pauperis*. The complaint may not be filed as a civil action or considered on the merits unless it is accompanied by the appropriate fee, 28 U.S.C. § 1914(a), or by an application to proceed *in forma pauperis*, 28 U.S.C. § 1915(a)(1). The latter, to be considered, must be signed and notarized by an appropriate prison official, as set forth in this Court's Administrative Order 93, and accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each prison in which the plaintiff has been confined during that 6-month period. 28 U.S.C. § 1915(a)(2).

The Clerk of Court is **DIRECTED** to mail the petitioner a blank application to proceed *in forma pauperis*. The plaintiff, in turn, is **DIRECTED** either to pay the $400.00 filing fee in full or to complete the application to proceed *in forma pauperis* and return the properly completed application to the district Court, within **30 days** of the date this order is entered on the docket. He must include the temporary docket number assigned to this case, **No. 3:13-mc-0068**, on his filing.

The plaintiff is forewarned that if he does not comply with this order within the time frame specified, the Court is required to assess the fee against him anyway, 28 U.S.C. § 1915(b)(1), and the

action may be dismissed for failure to prosecute and for failure to comply with the Court's order. An extension of time to comply with this order may be requested from this Court if a motion for an extension of time is filed within 30 days of the date of entry of this order.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge